IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| RODERICK LEE BRITTENHAM | § § | |
| V. | § § | A-19-CV-752-LY |
| LORIE DAVIS[1] | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

TO: THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the Court is Petitioner's Application for Habeas Corpus Relief under 28 U.S.C. § 2254 (Document 1). Petitioner, proceeding pro se, has been granted leave to proceed in forma pauperis. For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be denied.

**I. STATEMENT OF THE CASE**

The Director has custody of Petitioner pursuant to two judgments and sentences of the 147th Judicial District Court of Travis County, Texas in cause numbers 3031226 and 3031234.

---

[1] Although Petitioner named Bryan Collier as Respondent, Lorie Davis, the current Correctional Institutions Division Director, is the proper respondent and will be substituted.

Petitioner was convicted of robbery in both cases and sentenced to 16 years in prison. Petitioner was released on parole in 2008 but had his parole revoked nine years later. On May 22, 2018, Petitioner was convicted of a new offense in Hays County and sentenced to two years in prison. Petitioner does not challenge his robbery convictions. Rather, he challenges the denial of his street time while he was out on parole.

Petitioner challenged the calculation of his sentence in a state application for habeas corpus relief executed on April 5, 2019. The Texas Court of Criminal Appeals denied the application without written order on July 3, 2019. *Ex parte Brittenham*, No. 89,909-02.

## II. DISCUSSION AND ANALYSIS

Petitioner appears to have exhausted his state court remedies with respect to his claims for street-time credit. Therefore, the scope of this Court's review is determining whether the adjudication of Petitioner's claim by the state court either (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *See* 28 U.S.C. § 2254(d).

Petitioner is not entitled to street-time credit after his revocation. The law in this circuit firmly establishes that time spent on parole or mandatory supervision does not operate to reduce the sentence of a parole or mandatory supervision violator returned to prison. The courts have consistently held that by violating parole or mandatory supervision a prisoner forfeits all credit of good conduct time accumulated prior to release and all credit for time on parole or mandatory supervision before the violation. *See Cortinas v. United States Parole Comm'n*, 938 F.2d 43 (5th Cir. 1991); *Munguia v. United States Parole Comm'n*, 871 F.2d 517, 521 (5th Cir. 1989);

*United States v. Newton*, 698 F.2d 770, 772 (5th Cir. 1983); *Starnes v. Cornett*, 464 F.2d 524 (5th Cir. 1972); *Betts v. Beto*, 424 F.2d 1299 (1970). Thus, Petitioner has no federal constitutional right to reduction of his sentence for time spent on parole. Additionally, the Court notes parole and mandatory supervision conditions are not additional to, but rather part of, the original sentence. *See Coronado v. United States Board of Parole*, 540 F.2d 216, 218 (5th Cir. 1976); *Sturgis v. United States*, 419 F.2d 390 (5th Cir. 1969).

Nor does Petitioner's loss of street-time credit constitute cruel and unusual punishment or unlawfully alter and extend his sentence. Requiring a prisoner to serve his assessed sentence in a manner consistent with Texas law is not unconstitutional. *Rummel v. Estelle*, 445 U.S. 263, 268–69 (1980). Petitioner violated the terms of his parole, and as a result, lost any credit for the time he spent on parole.

Petitioner also has not established an equal-protection violation. Petitioner appears to argue the denial of street-time credit violates his right to equal protection because some offenders receive street-time credit after their parole is revoked. However, Petitioner does not identify any similarly situated prisoners, that is, prisoners serving sentences for robbery, who were treated differently. *See Sonnier v. Quarterman*, 476 F.3d 349, 367 (5th Cir. 2007). All offenders serving sentences for robbery are denied street-time credit.

Petitioner also is not entitled to his street-time credit under Texas law. The Texas parole statute in effect at the time the controlling offenses were committed in 2003 provides in relevant part:

> If the parole, mandatory supervision, or conditional pardon of a person described by Section 508.149(a) is revoked, the person may be required to serve the remaining portion of the sentence on which the person was released. The remaining portion is computed without credit for the time from the date of the person's release to the date of revocation.

3

TEX. GOV'T CODE ANN. § 508.283(b) (West 2002). Accordingly, Petitioner never was entitled to receive a reduction of his sentence for the time he spent on parole.

Finally, even under the Texas statute addressing street-time credit in effect at the time of Petitioner's revocation in 2018, Petitioner is not entitled to credit. That statute reads in pertinent part:

> (c) If the parole, mandatory supervision, or conditional pardon of a person other than a person described by Section 508.149(a) is revoked, the person may be required to serve the remaining portion of the sentence on which the person was released. For a person who on the date of issuance of a warrant or summons initiating the revocation process is subject to a sentence the remaining portion of which is greater than the amount of time from the date of the person's release to the date of issuance of the warrant or summons, the remaining portion is to be served without credit for the time from the date of the person's release to the date of revocation. For a person who on the date of issuance of the warrant or summons is subject to a sentence the remaining portion of which is less than the amount of time from the date of the person's release to the date of issuance of the warrant or summons, the remaining portion is to be served without credit for an amount of time equal to the remaining portion of the sentence on the date of issuance of the warrant or citation.

TEX. GOV'T CODE ANN. § 508.283(c) (West 2018).

The Texas Court of Criminal Appeals has held that "[e]ligibility under § 508.283(c) for credit against sentence for time spent on early release is determined by the law in effect on the date the releasee's parole or mandatory supervision was revoked, including the version of § 508.149(a) in effect on the date of revocation," rather than on the date of the releasee's original offense. *Ex parte Hernandez*, 275 S.W.3d 895, 897 (Tex. Crim. App. 2009); *see also Ex parte Johnson*, 273 S.W.3d 340, 342-43 (Tex. Crim. App. 2008) (whether a person, whose mandatory supervision is revoked, is entitled by statute to time credit, against the prison sentence upon revocation of mandatory supervision, for time spent on release pursuant to mandatory supervision, depends, in part, on his status on the date of revocation, i.e., whether at such time he is serving a sentence for

4

or has been previously convicted of an offense which makes him ineligible for mandatory supervision).

Petitioner was serving a sentence for robbery, one of the offenses listed in section 508.149(a) of the Texas Government Code. *See* TEX. GOV'T CODE § 508.149(a)(11). Because at the time of his parole revocation, Petitioner was a person described in § 508.149(a), he is not entitled to street-time credit on his sentence for time spent on parole prior to revocation.

Having independently reviewed the entire state court record, this Court finds nothing unreasonable in the state court's application of clearly established federal law or in the state court's determination of facts in light of the evidence. Accordingly, Petitioner is not entitled to federal habeas corpus relief.

### III.  RECOMMENDATION

It is recommended that Petitioner's application for writ of habeas corpus be denied.

### IV.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would

find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the dismissal or denial of the Petitioner's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court shall not issue a certificate of appealability.

## V. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the

District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

**SIGNED** August 2, 2019.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE